IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| MICHAEL E. LAMBERT, JR., | § | |
| | § | No. 67, 2016 |
| Defendant Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | |
| STATE OF DELAWARE, | § | Cr. ID No. 1410004532 |
| | § | |
| | § | |
| Plaintiff Below, | § | |
| Appellee. | § | |

Submitted: October 5, 2016
Decided: October 7, 2016

Before **STRINE**, Chief Justice; **HOLLAND** and **VAUGHN**, Justices.

## O R D E R

This 7th day of October 2016, it appears to the Court that:

(1)     This is a criminal case that resulted in Michael Lambert's conviction for Possession of a Firearm by a Person Prohibited and Possession of Ammunition by a Person Prohibited.  Lambert moved to suppress evidence obtained in a search of his residence because the search was initiated before all of the formalities for the relevant search warrants were completed.  The Superior Court denied Lambert's motion to suppress, invoking the inevitable discovery exception to the exclusionary rule.  This is Lambert's appeal.

(2)     In this case, there was a hyper-technical violation of 11 *Del. C.* § 2306.[1]  The violation involved the fact that the investigating officer, Detective Vernon, faxed the final signed application after the search had begun.  The search began before that because Judge Horn, the Magistrate, told Detective Vernon on the record in the hearing on the application that he could tell his officers to execute the warrant.[2]

(3)     In a thorough and careful decision, the Superior Court held that the evidence against Michael Lambert would have been inevitably discovered and therefore denied the motion to suppress.  Judge Clark relied upon this Court's decisions in *Cook v. State*[3] and *Martin v. State*,[4] which involved circumstances where the inevitability of ultimate discovery was more questionable.  Using the

---

[1] The statute reads, in full:
> The application or complaint for a search warrant shall be in writing, *signed by the complainant* and verified by oath or affirmation. It shall designate the house, place, conveyance or person to be searched and the owner or occupant thereof (if any), and shall describe the things or persons sought as particularly as may be, and shall substantially allege the cause for which the search is made or the offense committed by or in relation to the persons or things searched for, and shall state that the complainant suspects that such persons or things are concealed in the house, place, conveyance or person designated and shall recite the facts upon which such suspicion is founded.

11 *Del. C*. § 2306 (emphasis added).

[2] *State v. Lambert*, No. 1410004532, 2015 WL 3897810, at *2 (Del Super. Ct. June 22, 2015).

[3] 374 A.2d 264, 268 (Del. 1977) (relying on what inventory searches are usually done as grounds to invoke the inevitable discovery exception).

[4] 433 A.2d 1025, 1031–32 (Del. 1981) (relying on testimony from Delaware officers that they would have sought a search warrant in another state, after their colleagues from that state had already conducted a warrantless search).

doctrinal tool on which the State's brief on appeal is focused,[5] the inevitable discovery exception, the Superior Court issued a well-reasoned decision applying it and properly held that the technical violation of the statute, which was cured within minutes, ought not require the exclusion of the evidence obtained in the search because the evidence's discovery was inevitable.[6]

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Leo E. Strine, Jr.*

Chief Justice

---

[5] Although some of us may believe that in a closer case there might be utility to addressing whether our jurisprudence should consider whether statutes like 11 *Del. C.* § 2306 should be considered directory, and not demand mandatory exclusion of evidence in circumstances where i) constitutional requirements have been satisfied, and ii) any violation is technical and does not deprive anyone of the substantive protections of the statute, we need not and therefore do not consider that question in this appeal.

[6] We accept the parties' agreement that the statute was in fact violated. We repeat, however that Detective Vernon had already sworn under oath to the facts in the application and affidavit, and there is thus an argument that his signature could be considered effective nunc pro tunc to the time he swore to them. The reason why there might be utility to treating cases involving arguable violations of statutes like § 2306 differently from constitutional cases in part involves not having cases turn on arguable reasoning of that kind, simply because the binary choice of exclude or not exclude is so important. As in other contexts, not all violations are the same, and when no constitutional rights have been violated, it is arguable that there should be judicial discretion to fit the consequence to the violation. It would be difficult to find a case more hyper-technical than this one and less redolent of any desire by law enforcement to take short cuts in violation of the fair expectations of the property owners subject to the search.